IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID LOPEZ-ANAYA

Plaintiff

vs                                                            CIVIL 06-2085CCC

MRS. SONIA PALACIOS-DE-MIRANDA
Former Director of the Forfeiture Board of
the Department of Justice of Puerto Rico;
MRS. LIZETTE MEJIAS-AVILES, Sub
Secretary of the Department of Justice of
Puerto Rico;
MRS. ALICE FONTANET, Human
Resources Director of the Department of
Justice of Puerto Rico;
MR. MARIANO VAZQUEZ, Legal Advisor
for the Secretary of Justice of Puerto Rico;
MRS. REINA COLON-DE-RODRIGUEZ;
Examiner of the Department of Justice of
Puerto Rico;
other unknown persons described as A, B,
C and D

Defendants

# O R D E R

The action before us is one for monetary damages and injunctive filed pursuant to

the Civil Rights Act, 42 U.S.C.§§1983 and 1985.  Plaintiff David López-Anaya alleges that

he was discharged from his career position as an Administrative Auxiliary III at the

Department of Justice of the Commonwealth of Puerto Rico because of his political affiliation

with the New Progressive Party, in violation of his First and Fourteenth Amendment rights.

The action is now before us on defendants Sonia Palacios de Miranda, Lizette Mejías-Avilés,

Alice Fontánez, and Mariano Velázquez' Motion to Dismiss Pursuant to Federal Rule of Civil

Procedure 12(b)(6) filed February 9, 2007 (**docket entry 13**),[1] which plaintiff opposed.

(**docket entry 40).**

---

[1]See, also, docket entry 30 – Motion Reinstating Motion to Dismiss.

CIVIL 06-2085CCC                                    2

Movants raise the following arguments for dismissing the amended complaint:

1. Plaintiff's claims against the appearing defendants should  be dismissed for failure to state a claim for which relief can be granted. The complaint does not plead sufficient facts to establish personal involvement by the defendants. Additionally, the complaint is deficient because it fails to sustain a causal connection between defendants' alleged conduct and plaintiff's claim under 42 U.S.C. §1983." (Motion to Dismiss, Section B, p.2.)

2. Plaintiff fails to state a claim under 42 U.S.C. §1985, which addresses civil rights conspiracies to either injure a person or his property or deprive him of a constitutionally protected right or privilege, because said section has been interpreted to signify that a plaintiff may recover under this section only when the conspiratorial conduct alleged is engendered by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Aulson v. Blanchard, 83 F.3d.1, 3 (1st Cir. 1996), citing Griffin v. Breckenridge, 403 U.S. 88 (1971).  (Motion to Dismiss, Section C, p.11.)

3. Plaintiff fails to state a procedural due process claim under the Fourteenth Amendment because, by his own admission at ¶ 3 of his complaint, he was given a pre-termination hearing.  (Motion to Dismiss, Section D, pp. 14-15.)

4. Claims against the codefendants in their official capacities are barred by the Eleventh Amendment.  (Motion to Dismiss, Section III, pp. 18-19.)

5. Codefendants are entitled to qualified immunity.  (Motion to Dismiss, Section IV, pp. 19-20.)

Rule 12(b)(6)

The Supreme Court has stated that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).  Moreover, according to the First Circuit, the Court must treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff.  Medina Cruz v. Gonzáles Rivera,

371 F. Supp. 2d 77, 79-80 (D. Puerto Rico 2005).  Therefore, the factual questions regarding the character of the hearing and alleged political motivation for the discharge remain.

Due Process-Fourteenth Amendment

         That López-Anaya had a property interest in his position is not an issue in this case. See, Kauffman v. Puerto Rico Tel. Co., 841 F.2d, 1169, 1173 (1st Cir. 1988), (under Puerto Rico law, a career position is a constitutionally protected property interest.)  The Due Process Clause guarantees public employees the right to a pre-termination hearing.  See, e.g. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985).  "An employee with a protected property interest in his employment is entitled, at a minimum, to oral and written notice of the charges against him, an explanation of the employers evidence, and an opportunity to present his side of the story."  Rivera v. Fagundo, 301 F. Supp. 2d 103, 109 (D. Puerto Rico 2004).

         In his opposition, plaintiff contradicts his allegations in the complaint, now saying that the "hearing granted to him took place **after** he was out of his job."  (Opposition page 2.)  He further avers that the hearing was "pro forma" because the hearing officer was an employee of the Department of Justice.  The record reflects, however, that although he was suspended on November 4, 2005 through a five- page letter detailing the charges against him, he was not discharged at that time.  An informal administrative hearing was held on December 21, 2005, January 12 and February 14, 2006.  He was terminated from his job by means of a letter dated September 22, 2006; that is, seven months after the hearing.

         Although the requirements of Loudermill were met, whether the hearing was "sham," as alleged, is a question of fact that cannot be disposed of by way of a Rule 12(b)(6) Motion. The hearing must be more than a mere sham; if plaintiff can prove that the decision makers reached their conclusion prior to the hearing and refused to consider the evidence then due process would not be satisfied.   A plaintiff who can introduce evidence that the decision has already been made and any hearing would be pro forma and meaningless is entitled to go

CIVIL 06-2085CCC                                    4

forward with a procedural due process claim. Ryan v. Illinois Department of Children and Family Services, 185 F.3d.751, 762 (7th Cir. 1999).[2]

In his opposition plaintiff addresses only the claims of due process and political discrimination; he does not respond to defendants' arguments regarding the inapplicability of §1985 to the facts of this case, the lack of a claim against the individual defendants in their official capacities, and the officials' invocation of qualified immunity.

Eleventh Amendment Immunity

Under the Eleventh Amendment, the individual defendants, in their official capacity, are immune from suit  for monetary damages.  See, e.g. Carrasquillo v. Puerto Rico, 2007 WL 1844029 (1st Cir. 2007);  Cruz Gómez v. Rivera-Hernández, 444 F.3d. 29, 32 (1st Cir. 2006).  To the extent that López-Anaya is requesting the equitable remedy of reinstatement to his position, however, said immunity is inapplicable.  Costa Urena v. Segarra, 193 Fed. Appx. 1, 3 (1st Cir. 2006).  Therefore, the official capacity claim for reinstatement proceeds.

Conspiracy under 42 U.S.C. §1985

In order to prevail on a claim of civil rights conspiracy under §1985(3), the plaintiff must present evidence that 1) some class-based animus (usually racial) lay behind the conspirators' action, and 2) that the conspiracy was aimed at interfering with protected rights." Donahue v. City of Boston, 304 F.3d. 110, 122 (1st Cir. 2002).

Plaintiff has made no allegations of racial or any other class-based discrimination. This district has ruled against extending the scope of §1985 to conspiracies based exclusively on politically discriminatory animus. Concepcion v. Zorilla, 309 F. Supp. 2d 201, 214 (D. Puerto Rico 2004); see, also, Torres-Ocasio v. Meléndez, 283 F. Supp. 2d 505, 518 (D. Puerto Rico 2003); Reyes v. Municipality of Guaynabo, 59 F. Supp. 2d 305, 310 (D.

---

[2]The report of the Examining Officer included with the motion does not help in evaluating whether due process was accorded because it is incomplete; defendants included only the first four pages, which repeat the text of the November 4, 2005 letter and a summary of the beginning of López-Anaya's hearing testimony.

CIVIL 06-2085CCC                                        5

Puerto Rico 1999).   Accordingly, López-Anaya's conspiracy claim fails.

Qualified Immunity

        Defendants' final effort is a claim of qualified immunity. Qualified immunity is an

affirmative defense against liability which may be raised by state officials in their personal

capacity, see, Gómez v. Toledo, 446 U.S. 635, 640 (1980), While defendants provide a

lengthy exposition on the law of qualified immunity, they fail to identify what aspect of the

actions were not clearly established as violating plaintiff's constitutional rights. That is, they

do not discuss and why they could be entitled to qualified immunity had they committed the

acts alleged.

        Defendants fault the plaintiff for having failed to demonstrate that the acts he alleges

were clearly established as violations of civil rights:

> In the instant case, plaintiffs failed to establish . . . that there was
> a constitutional violation of his constitutional rights that was
> performed by appearing codefendants and that any other
> similarly situated official would understand the challenged
> conduct does not violate the right in question, they are entitled
> to qualified immunity from suit and from liability.

Motion to Dismiss, p.21;

        Qualified immunity, however, is an affirmative defense; the burden to prove that a

reasonable official would believe that his conduct was lawful rests with the defendants.

Rodríguez-Rodríguez v. Oritz-Vélez, 391 F.3d 36, 41 (1st Cir. 2004), DiMarco-Zappa v.

Cabanillas, 238 F.3d 25 (1st Cir. 2001).

        Plaintiff has alleged that he was discharged due to his political affiliation and denied

due process when the hearing held was a sham.  That both of these actions were unlawful

was clearly established long before the events in question occurred.  Elrod v. Burns, 427

U.S. 347 (1976); Branti v. Finkel, 445 U.S. 507 (1980); Board of Regents of State Colleges

v. Roth, 408 U.S. 564 (1972).  Defendants lack of discussion and analysis of the alleged

facts of the case vis a vis the application of the law renders academic their claim of qualified

immunity meritless.

CIVIL 06-2085CCC                                6

    For the above-stated reasons, the Motion to Dismiss (**docket entry 13**, <u>see</u>, <u>also</u>, **docket entry 30**) is GRANTED in part and DENIED in part. It is GRANTED as to the Section1985 conspiracy claim and as to the defendants in their official capacity for monetary damages.  It is DENIED as to the remaining claims.

    SO ORDERED.

    At San Juan, Puerto Rico, on August 6, 2007.


                              S/CARMEN CONSUELO CEREZO
                              United States District Judge